## No. 1040.

R. M. WALMSLEY & CO. VS. MRS. S. A. NICHOLLS AND HUSBAND.

| 36 | 799 |
| 52 | 856 |

The amendments to articles 81 and 95 of the Constitution, promulgated on the 15th of May, 1884, did not impair the right of appeal in cases involving more than one thousand, but less than two thousand, dollars, then pending in the Supreme Court.

The legal effect of the amendments was to immediately strip the Supreme Court of jurisdiction of those cases; but the jurisdiction was not thereby destroyed. It was, by the operation of the amendments, transferred to the courts of appeal, with full power to hear and decide said cases.

Hence a motion to dismiss a case of that category cannot prevail in the Supreme Court whence the appeal unimpaired in all its legal effects will be sent to the proper court of appeal.

APPEAL from the Fifth District Court, Parish of Richland. *Richardson*, J.

*Talbot Stillman* for Plaintiffs and Appellees.

*R. G. Cobb* for Defendants and Appellants.

The opinion of the Court was delivered by

POCHÉ, J. This case, which involves an amount in dispute of more than one thousand, and less than two thousand dollars, was pending under submission on appeal in this court, when the recent amendment of the Constitution, affecting its jurisdiction, was adopted by the people. Suggesting that we have lost jurisdiction of the cause under the effect of the amendment and the omission of any provision for the transfer of the cause to any other tribunal, appellees move that the case be stricken from our docket and the appeal dismissed. The amendment which restricts our jurisdiction to cases involving an amount exceeding two thousand dollars, is followed by another amendment which vests jurisdiction over cases in which the amount in dispute does not exceed two thousand dollars in the courts of appeal.

The manifest intention of the law-maker in framing the amendments was to divest the Supreme Court of jurisdiction of all cases involving an amount in dispute exceeding one thousand but not two thousand

dollars, and to vest jurisdiction of that class of cases in the courts of appeal. At the moment of the adoption of the amendment, we were stripped of jurisdiction of the class of cases, including those then pending in the court, and we were powerless thereafter to review or decide them. But the right of appeal was not thereby destroyed or annihilated. By the operation of the two amendments that jurisdiction was at once vested in another appellate tribunal, to which such cases were thereby transferred.

When the present constitution went into effect, and the courts of appeal were created and organized, the Supreme Court was stripped of its previous jurisdiction of cases involving amounts in dispute between five hundred and one thousand dollars, which fell thereafter within the jurisdiction of the courts of appeal. In that instrument, provision was made for the immediate transfer of such cases from this court to those tribunals, and thus the appeals were continued by operation of the law in the newly created tribunals.

The recent amendments contain no such provision in terms, but a similar intention is manifest from the two amendments when construed together.

We see nothing in the amendments which could justify even a suspicion that the right of appeal in pending cases of that class was intended to be destroyed. We find, on the contrary, that the intention was clearly to transfer, without restriction or qualification, the jurisdiction of those cases from one tribunal to another.

The omission to provide in terms for the mode of transfer cannot affect the rights of an appellant, as in the case at bar, who has lodged his appeal in the tribunal to which it was returnable at the time that he took it, and to whom no fault can be attributed.

The legal effect of the two amendments together has been practically to remove this appeal from this court to the court of appeals. Nothing of that case now remains in this court but the record or papers, and our plain duty in striking the case from the docket, is to give effect to the substantial meaning of the amendments. To dismiss the appeal as prayed for would wantonly deprive the appellant of a right which he had at the time that he took his appeal—a right which has not been wrested from him, but which, on the contrary, was intended to be maintained and preserved by the very terms of the two amendments in question.

Appellees have called our attention to decisions of this Court and of the Supreme Court of the United States in support of the proposi-

tion that the duty of an appellate tribunal which is divested of juris-
diction of a pending cause is to dismiss the same. But an examination
of those decisions shows that they dealt with cases in which the consti-
tutional or legislative provisions which stripped the appellate tribunal
of its jurisdiction had not vested that jurisdiction in any other tribunal.

In those cases the previously existing jurisdiction had been effectu-
ally destroyed, and the appellees were entitled to the benefit of the
judgments rendered in their favor, and which could not be reviewed by
any tribunal. Hence, the appellate courts in which the cases were
pending had no other alternative but to dismiss the appeals. Meyers
vs. Mitchell, 20 Ann. 533; Cushing vs. Hickman & Thompson, 20 Ann.
567; Insurance Company vs. Ritchie, 5 Wal. 541; *Ex parte* McCardle,
7 Wal. 506.

In the present case, the tribunal in which it was pending has been
stripped of its jurisdiction, but the right of appeal has not been de-
stroyed; it has, on the contrary, been guardedly preserved and kept
alive, and its jurisdiction has been entrusted to a competent appellate
tribunal, over which the previous court has a supervisory control. The
transfer is as effective as if it had been directed in precise terms in the
amendments.

It is therefore ordered that the motion to dismiss this appeal be de-
nied. It is further ordered that this case be stricken from our docket,
and that the record of the same be transferred to the Court of Appeals
of the Second Circuit, holding sessions in and for the parish of Rich-
land—costs of appeal to abide the final decision of the same.